## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANNINE GABALDON, as Personal Representative
of the Estate of Zachary Gabaldon*,*

      Plaintiff,

v.                                  No. CIV 09-00696 JC/WDS

JESSICA ACOSTA, JEFFREY MALDONADO,
ZEKE ACOSTA, SOCORRO POLICE DEPARTMENT,
CHIEF LAWRENCE ROMERO, in his capacity,
CAPTAIN MIKE WINDERS, individually,
DETECTIVE KENNETH GREENWALD individually,
NEW MEXICO DEPARTMENT OF TRANSPORTATION,
RHONDA FAUGHT, Secretary Department of Transportation,
in her official capacity,

      Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Motion to Dismiss Based on Eleventh Amendment Immunity, Failure to Provide Notice of Tort Claim and Tolling of the Statute of Limitations (Doc. 8), filed on August 11, 2009 by Defendants New Mexico Department of Transportation and Rhonda Fought ("NMDOT Defendants"). The Court, having reviewed the parties' submissions and being otherwise fully informed, GRANTS the NMDOT Defendants' Motion for the reasons set forth below.

### I.      BACKGROUND

Plaintiff Annine Gabaldon is the mother of Zachary Gabaldon, who was hit by a car on August 4, 2006. *Complt.* (Doc. 1) at ¶¶ 1-3. Zachary did not survive. Plaintiff brings suit against the State Department of Transportation ("DOT") and DOT Secretary Ms. Fought, claiming that they failed to maintain the shoulder and failed to provide adequate lighting on the road where Zachary was hit. *Id.* at ¶¶ 75-78.

II.     **LEGAL STANDARD**

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1) can take two forms: (1) a facial attack on the sufficiency of the complaint's allegations

to establish jurisdiction, or (2) a challenge to the underlying facts on which subject matter

depends. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). In this case, the

NMDOT Defendants challenge the sufficiency of the complaint. Because resolution of the

jurisdictional questions is intertwined with the merits of the case, the Court will convert the Rule

12(b)(1) motion into a Rule 12(b)(6) motion to dismiss. *See, e.g., id.* at 1003 (holding that " a

court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a

Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined

with the merits of the case").

When faced with a Rule 12(b)(6) Motion to Dismiss, the Court must "ask whether there

is 'plausibility in [the] complaint,'" meaning "whether, if the allegations are true, it is plausible

and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy

Sports, L.L.C. v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191-92 (10th Cir. 2009) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1970, 167 L.Ed.2d 929 (2007).

III.    **DISCUSSION**

"The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in

federal court against a state and arms of the state." *Wagoner County Rural Water Dist. No. 2 v.

Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). When a state raises Eleventh

Amendment immunity, it effectively challenges the Court's jurisdiction, generally requiring the

issue to be resolved before the court may address the merits of the underlying claim. *Starkey ex*

*rel. A.B. v. Boulder County Social Services*, 569 F.3d 1244, 1260 (10th Cir. 2009) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)).  "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages."  *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007).

A state may waive its immunity if it voluntarily invokes, or makes a clear declaration of intent to submit to, the court's jurisdiction.  *Wagoner County*, 577 F.3d at 1258.  In this case, neither has occurred.  The NMDOT Defendants did not remove this case to federal court.  *See, e.g., Steadfast Ins. Co.*, 507 F.3d at 1256 (noting that "[w]aiver-by-removal, only occurs, however, when a state "purposefully seeks a federal forum").  Nor have the NMDOT Defendants declared their intent to submit to federal jurisdiction.  To the contrary, as the NMDOT Defendants point out, the New Mexico Tort Claims Act states that "[n]othing in subsections B, C, and D of this section shall be construed ... as a waiver of the state's immunity from suit in federal court under the eleventh amendment to the United States constitution").

Plaintiff nonetheless somewhat cryptically contends that the NMDOT Defendants waived any claim of immunity, citing *Aragon & McCoy v. Albuquerque Nat'l Bank*, 99 N.M. 420, 659 P.2d 306 (1983), without any discussion.  Although sovereign immunity was an issue in that state court case, the Eleventh Amendment was not raised.  Moreover, the Supreme Court affirmed the lower court's finding of sovereign immunity in *Aragon*, rejecting the plaintiff's arguments of estoppel and inverse condemnation.  99 N.M. at 423-24, 659 P.2d at 309-10.  The Court finds no basis for similar claims of estoppel or inverse condemnation in the present case and is therefore not persuaded by Plaintiff's waiver argument.

3

The Court is equally unpersuaded by Plaintiff's citation of *Elephant Butte Irrigation Dist. v. Dep't of Interior*, 160 F.3d 602 (10th Cir. 1998), by which Plaintiff apparently intends to invoke the doctrine of *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (creating an exception to Eleventh Amendment immunity for suits against state officials in federal court which seeks only prospective equitable relief for violations of federal law, even where the state is immune). Initially, Plaintiff's Complaint does not seek prospective injunctive or other equitable relief. She claims damages only. Plaintiff also fails to meet the *Ex Parte Young* requirement of suing the state officials in their individual capacities; her claims against NMDOT Secretary Fought are made against her solely in her official capacity. In short, Plaintiff's claims are not the kind of claims to which *Ex Parte Young* applies.

Plaintiff's claims against the NMDOT Defendants are barred by the Eleventh Amendment. Plaintiff therefore fails to state a claim against the NMDOT Defendants for which relief may be granted, and such claims shall therefore be dismissed with prejudice.

## IV.   CONCLUSION

Finding that Plaintiff's claims against the NMDOT Defendants are barred by the Eleventh Amendment, the Court lacks subject matter jurisdiction and such claims fail to state a claim for which relief may be granted as a matter of law. Count Five of Plaintiff's Complaint is therefore dismissed with prejudice.

WHEREFORE, **IT IS  ORDERED** that ***NMDOT Defendants' Motion to Dismiss Based on Eleventh Amendment Immunity, Failure to Provide Notice of Tort Claim and Tolling of the Statute of Limitations*** (**Doc. 8**), filed August 11, 2009, is **GRANTED**.  **Count Five is therefore dismissed with prejudice**.

Dated October 28, 2009.

s/John Edwards Conway

_____

SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Shannon Robinson, Esq.
Albuquerque, NM

Counsel for NMDOT Defendants:

Luis Robles, Esq.
Albuquerque, NM

Counsel for the Socorro Police Dept. Defendants:

Ronald J. Childress, Esq.
Albuquerque, NM