IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ANNINE GABALDON, as Personal Representative**
**of the Estate of Zachary Gabaldon,**

    **Plaintiff,**

v.                                                             Case No. 09-CV-00696 JEC/WDS

**JESSICA ACOSTA, JEFFREY MALDONADO,**
**ZEKE ACOSTA, SOCORRO POLICE DEPARTMENT,**
**CHIEF LAWRENCE ROMERO, in his capacity,**
**CAPTAIN MIKE WINDERS, individually,**
**DETECTIVE KENNETH GREENWALD, individually,**
**NEW MEXICO DEPARTMENT OF TRANSPORTATION,**
**RHONDA FAUGHT, Secretary Department of Transportation,**
**in her official capacity,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Socorro Police Department Defendants' *Motion to Dismiss* (Doc. 17), filed January 11, 2010. Having reviewed the Motion and Memorandum in Support thereof, Plaintiffs' Memorandum in Opposition, and the Reply, and being otherwise fully informed in the premises, the Court finds the Motion is well-taken and should be GRANTED.

**I.  BACKGROUND**

Plaintiff's claims arise from the death of her son, who "died as a the result of being hit by a vehicle driven by the Defendant Jessica Acosta on August 4, 2006 in the County of Socorro." *Complt.* (Doc. 1), filed July 17, 2009, at ¶ 3. In Count 1, Plaintiff alleges negligence per se solely against Defendant Jessica Acosta, claiming that she failed to stop at the scene of an accident resulting in injury. *Id.* at ¶¶ 42-47. In Count 2, Plaintiff contends that unspecified

Defendants were "deliberate[ly] indifferen[t] to the welfare of Decedent" without more specific information. *Id.* at ¶ 53. In Count 3, Plaintiff purports to assert a civil rights claim against Defendants Jessica Acosta, Jeffrey Maldonado, Zeke Acosta, Socorro Police Department, Chief Lawrence Romero, Captain Mike Winders, and Detective Kenneth Greenwald for concealing and/or covering up evidence. *Id.* at ¶¶ 61-69. In Count 4, Plaintiff asserts claims under the New Mexico Tort Claims Act against the Socorro Police Department, Chief Lawrence Romero, Captain Mike Winders, and Detective Kenneth Greenwald. *Id.* at ¶¶ 70-73.

Although Plaintiff initially named the New Mexico Department of Transportation and its Secretary, Rhonda Faught, the Court dismissed the only claim against these two Defendants on October 28, 2009. *See Memorandum Op. and Order* (Doc. 16).

## II.  LEGAL STANDARD

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court "assume[s] the truth of the plaintiff's well-pleaded factual allegations and view[s] them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is not appropriate if the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007).) "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

"It is well-established [] that in determining whether to grant a motion to dismiss, the district court [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995).

Notwithstanding this rule, however, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.2002)).  Where matters outside the pleadings are considered, a Rule 12(b)(6) motion "must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d).

## III.  DISCUSSION

### A.  Plaintiff Fails to Articulate Waiver of Tort Claims Act Immunity That Would Apply to Her Tort Claims.

As an initial matter, Defendants the Socorro Police Department ("SPD"), Chief Lawrence Romero, Captain Mike Winders, and Detective Kenneth Greenwald (collectively, the "SPD Defendants") are generally immune from tort liability to the extent they were acting within the scope of their duties.  NMSA 1978, § 41-4-4(A).  Plaintiff makes no allegations that the SPD Defendants were acting outside of the scope of their duties as public employees.  To the contrary, Plaintiff alleges that

> At all material times, Defendant officers were servants, agents and employees of defendant, Municipality (a person for purposes of § 1983), so that their acts are imputed to the Municipality. Defendant Officers were acting pursuant to specific orders and directives from the Municipality ...

*Complt.* (Doc. 1) at ¶ 12.  Plaintiff also claims that Defendant Greenwald in particular "was acting under color of law as a law enforcement official" at all times relevant to the Complaint. *Id.* at ¶ 65.  In response to the pending Motion, Plaintiff states unequivocally that "[t]he Socorro Police Officers were acting within the scope of their duties when they failed to investigate the crimes of Jessica Acosta." *Resp.* (Doc. 31) at 4.

Despite the clear applicability of the Tort Claims Act to this case, Plaintiff fails to set forth any waiver of Tort Claims Act immunity in her Complaint. This, in itself, justifies dismissal of her claims against the SPD Defendants under the standards articulated in *Twombly*. In the interest of conserving judicial resources, however, the Court will nonetheless recognize Plaintiff's recent articulation of the waiver applicable to law enforcement officers at NMSA 1978, § 41-4-12. *See Resp.* at 5.

### B. Tort Claims Against the SPD Defendants Are Barred by the Statute of Limitation.

The Tort Claims Act bars all claims not commenced "within two years after the date of occurrence resulting in loss, injury or death." NMSA 1978, § 41-4-15(A). In this case, the date of the relevant occurrence and the date of Plaintiff's injury are one and the same—both occurred on August 4, 2006. *Complt.* at ¶ 3. *See Maestas v. Zager*, 2007-NMSC-003, 141 N.M. 154, 152 P.3d 141 (clarifying that the statute of limitations at NMSA 1978, § 41-4-15(A) is a discovery rule, in that a cause of action of under the Tort Claims Act "accrues when the plaintiff knows or with reasonable diligence should have known of the injury and its cause"). Therefore, Plaintiff's claims expired August 4, 2008, or a little over eleven months before Plaintiff filed her Complaint in this action, on July 17, 2009. Noting that Plaintiff does not respond to the SPD Defendants' statute of limitations argument, the Court finds that the SPD Defendants' statute of limitations motion is well-taken and will dismiss Plaintiff's state-law negligence claims.

### C. Spoliation Claims Are Not Legally Cognizable and Will Be Dismissed.

In Count 3, Plaintiff alleges "Negligent and/or Intentional Spoliation" based on the SPD Defendants' alleged actions, including "'systematically' embark[ing] on the 'knowing and intentional destruction of evidence' relating to decedent's death and its attendant circumstances."

4

*Complt.* at ¶ 62.  SPD Defendants are also accused of providing unspecified assistance or cooperation to other Defendants' alleged actions "to conceal, obscure, or cover-up any evidence which could be recovered from [Jessica Acosta's] vehicle." *Id.* at ¶ 63.

New Mexico recognizes the tort of intentional spoliation of evidence.  *Coleman v. Eddy Potash, Inc.*, 120 N.M. 645, 649, 905 P.2d 185, 189 (1995), *overruled on other grounds, Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148.  This tort is defined as "the intentional destruction, mutilation, or significant alteration of potential evidence for the purpose of defeating another person's recovery in a civil action." *Id.*  To prevail on a claim for intentional spoliation of evidence, Plaintiff must prove: (1) the existence of a potential lawsuit; (2) the defendant's knowledge of the potential lawsuit; (3) the destruction, mutilation, or significant alteration of potential evidence; (4) intent on part of the defendant to disrupt or defeat the lawsuit; (5) a causal relationship between the act of spoliation and the inability to prove the lawsuit; and (6) damages.  *Id.*

New Mexico has declined to recognize the tort of negligent spoliation of evidence.  *Id.*, 120 N.M. at 650, 905 P.2d at 190.  In so holding, the Supreme Court has noted that special circumstances, such as the existence of a contractual or statutory duty to preserve evidence, must be present to impose liability for negligent spoliation of evidence.  *Id.*  Plaintiff in the present case appears to have alleged special circumstances based on the SPD Defendants' positions in law enforcement.  Plaintiff contends "there was a policy of preserving evidence related to the existence of a possible crime." *Complt.* at ¶ 67.

Regardless whether New Mexico would recognize Plaintiff's claim for negligent spoliation, there is no applicable waiver of Tort Claims Act immunity.  Plaintiff contends the waiver that applies to specified actions of law enforcement officers should apply.  *Resp.* at 4-5.

The text of the law enforcement waiver provides that immunity

> does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

NMSA 1978, § 41-4-12.  As "spoliation" is not one of the enumerated torts in the waiver, the waiver does not apply.  *See, e.g., Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dept.*, 1996-NMSC-021, 121 N.M. 646, 653, 916 P.2d 1313, 1320 (rejecting negligent infliction of emotional distress claim under NMSA 1978, § 41-4-12 because it is not one of the enumerated torts).

While Plaintiff correctly points out that the court in *Weinstein* permitted the plaintiffs in that case to continue with a "direct claim for personal injury, including emotional distress, arising from a violation of a statutory right," Plaintiff does not identify any statutory rights violated here by the alleged spoliation.  Plaintiff cites *Weinstein* and other New Mexico cases for the proposition that the SPD Defendants in this case had a duty to investigate the car accident involving Jessica Acosta and her decedent.  *Resp.* at 5-10.  No statutory authority is offered, however, that relates to the unspecified spoliation alleged by Plaintiff.

Under *Weinstein*, § 41-4-12 may also waive Tort Claims Act immunity for violations of constitutional rights.  121 N.M. at 652, 916 P.2d at 1319.  Even assuming such a waiver existed, Plaintiff's claim of negligent spoliation does not amount to a violation of due process rights. *Lessen v. City of Albuquerque*, 2008-NMCA-085, ¶ 42, 144 N.M. 314, 187 P.3d 179 (holding that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process" (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118

S.Ct. 1708, 140 L.Ed.2d 1043 (1998)).  Likewise, Plaintiff's claim of intentional spoliation fails to state a cognizable constitutional claim in that Plaintiff has no liberty or property interest in the unspecified evidence that was allegedly destroyed by the SPD Defendants.  *See Spano v. McAvoy*, 589 F.Supp. 423, 426-28 (N.D.N.Y. 1984).

## IV.   CONCLUSION

Plaintiff arguably asserts three claims against the SPD Defendants—negligence (Count 2), "state tort claims" (Count 4), and spoliation (Count 3).  Because none of these claims state a valid claim for which relief may be granted, all claims against the SPD Defendants will be dismissed.

In Count 2, Plaintiff asserts negligence in that Defendants were allegedly "deliberate[ly] indifferen[t] to the welfare of Decedent Zachary Gabaldon."  *Complt.* at ¶ 53.  There are no allegations in Count 2 as to any applicable waiver of Tort Claims Act immunity.  Although Plaintiff purports to assert "state tort claims" in Count 4, the waiver of immunity applicable to law enforcement officers does not apply to the claims asserted in this case.  Counts 2 and 4 will therefore be dismissed with prejudice.

In Count 3, Plaintiff purports to assert tort and constitutional claims based on her vague allegations of negligent and intentional spoliation of evidence.  As with Counts 2 and 4, there is no waiver of Tort Claims Act immunity that applies to spoliation of evidence, and Plaintiff's spoliation tort claims must therefore be dismissed.  Because neither negligent nor intentional spoliation amounts to a deprivation of constitutional rights, Count 3 is also dismissed to the extent it purports to state a claim pursuant to 28 U.S.C. § 1983.

WHEREFORE, for the foregoing reasons, the Socorro Police Department Defendants' *Motion to Dismiss* (Doc. 17), filed January 11, 2010, is GRANTED, and all of Plaintiff's claims

against these Defendants (Counts 2, 3, and 4) are hereby dismissed with prejudice.

 DATED May 6, 2010.

                     _____
                     SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

Shannon Robinson, Esq.
Albuquerque, NM

Counsel for Defendants:

Ronald J. Childress, Esq.
Albuquerque, NM